No. 1892.—BERNARD WEISER *v.* BENJAMIN F. SMITH.

Third parties holding shares of stock, belonging to or standing in the name of a stockholder, in pledge, can not be made parties, or be proceeded against by rule, in a proceeding by a purchaser of the stock at sheriff sale, to compel a transfer of the stock on the books of the company. In such a case the pledgees have an interest in the transfer of the stock, and must be made parties by petition and citation.

APPEAL from Fourth District Court of New Orleans. *Théard, J. Collens & Wooldridge*, for plaintiff and appellee. *E. Filluel* and *McGloine & Kleinpeter*, for garnishee, appellant.

HOWE, J. The plaintiff having a judgment against the defendant, issued execution and propounded interrogatories to Frank Roeder, president of the New Orleans Manufacturing and Building Company, for the purpose of ascertaining whether the latter had in its possession or under its control any property or rights belonging or due to the defendant. The garnishee, who was cited June 22, 1867, answered as follows:

"The defendant was at one time a stockholder in the New Orleans Manufacturing and Building Company, and he may still be a stockholder in said company. I think, however, from the best information I can obtain, that he has parted with all his stock in said company, either by selling the same or pledging it. I know positively that he has parted with all his stock in said company, except one hundred and sixty shares, from the transfers made on the books of the company, as appears from exhibit A. I have reason to believe that he has also parted with the one hundred and sixty shares, but I have no absolutely positive information on that point. The exhibit A, hereto annexed, shows how defendant's stock account stood on the books of the company. I make this exhibit a part of my answer." * * * *

And in reply to an inquiry as to transfers, the garnishee replied that the said exhibit showed all he positively knew on the subject. The exhibit showed that one hundred and sixty shares stood in the name of the defendant, Smith.

On the twenty-fourth June, 1867, the sheriff served a notice of seizure

of the defendant's stock and interest in the company on its president, Roeder.   On the twenty-eighth June there was served on the treasurer a notice of seizure of the same property and interest.

The sheriff then advertised and sold one hundred and sixty shares of stock of the company, as standing in the name of Smith, and they were purchased by the plaintiff, Weiser.

The company declined, on application, to transfer the shares to plaintiff, and the latter took a rule to compel the transfer.   Without objection to the form of proceeding, the company answered:

"*First*—That the rule ought not to be made absolute, because no stock of said company can be transferred upon the books of the company without surrendering the certificate of the stock thus sought to be transferred, and the sheriff did not produce said certificate or certificates.

"*Second*—This company has been advised that the said stock was transferred or pledged to third parties before the sale by the sheriff thereof, and the certificates given up to such third persons, who have an interest in this proceeding, and no judgment can be rendered herein without said third persons be made parties to this proceeding.

"That said third persons are G. L. Dethlep, Cass & Dowling and H. Samory, as the company is advised."

And thereupon the company prayed that these parties might be brought in.

The plaintiff seems to have acceded to the propriety of this latter step, for upon his motion an order was forthwith made that Dethlep, Cass & Dowling, and H. Samory, be made parties defendant to the rule, and served with a copy, and a copy of this last motion and order. Service was accordingly made on Cass & Dowling and Samory, and a curator *ad hoc* was appointed for Dethlep.

Samory and Cass & Dowling excepted that they could not be made parties to the proceeding, except by process of citation and petition, and their exception was sustained.   Dethlep, who appears to reside in New York, seems to have been forgotten in the heat of controversy. It is not clear from the record that his curator *ad hoc* was ever served with the original rule at all.   It is certain that the curator took no part in the contest.

The court finally gave judgment as between Weiser and the company, directing the sheriff to make the transfer upon the books of the company, and from this judgment the latter appealed, and Cass & Dowling and Samory, by answer, also ask for a reversal of the judgment.

The argument of the cause has taken a wide range, but we do not find ourselves called upon to decide all the questions presented.   It is apparent that in this case the plaintiff can not ignore the rights of Dethlep, Cass & Dowling and Samory, as he has sought to do.   The

order to make them parties has never been rescinded, yet it has never been complied with. The proceeding is one to compel a transfer of property, which, whatever may be its intrinsic worth, has an apparent value of $16,000, and in which it is conceded they have an interest, and to which Weiser has no better right than Smith. Not having been parties to the suit of Weiser v. Smith they should have been brought in by petition and citation, in order that the rights of all may be properly adjusted. 6 R. 435; 3 An. 206, 434; 12 An. 201 ; 14 An. 390.

For the reasons given, it is ordered that the judgment appealed from be reversed, and the case remanded to be proceeded with according to law, and that plaintiff pay the costs of the appeal.